c

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ALEXANDRIA LODGING PARTNERS, L.L.C., Plaintiff | CIVIL ACTION NO. 1:22-CV-01363 |
| VERSUS | JUDGE WALTER |
| STARR SURPLUS LINES INSURANCE CO., Defendant | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Motion to Transfer under 28 U.S.C. § 1404(a) ("Motion to Transfer") (ECF No. 17) filed by Defendant Starr Surplus Lines Insurance Company ("Starr"). Starr moves to transfer to the United States District Court for the Southern District of New York based on its policy's mandatory forum-selection provision. Plaintiff Alexandria Lodging Partners, L.L.C. ("ALP") opposes. ECF Nos. 21, 29.

Because the Starr policy is a surplus lines policy and transfer cannot be prevented on public policy grounds under La. R.S. 22:868(A), Starr's Motion to Transfer (ECF No. 17) should be GRANTED.

I. **Background**

ALP filed a Complaint for Declaratory Judgment (ECF No. 1) against Starr under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, and Federal Rule of Civil Procedure 57, as well as under diversity jurisdiction.

ALP contracted with Starr to insure three separate properties and businesses in d, consisting of commercial hotels ("the insured premises"), under policy number SLSTPTY11229219 (the "Policy"). ECF No. 1 at 2-3. ALP alleges the Policy was in full effect during the period of September 19, 2019 through September 30, 2020. *Id.* at 3.

This action arises from damages to property owned by ALP from Hurricane Laura, which made landfall on August 27, 2020. ECF No. 1 at 3. ALP claims it provided timely and proper notice to Starr and began mitigating its losses as soon as possible. *Id.* at 3-4. ALP alleges that despite providing formal proof of loss, Starr failed to timely and reasonably adjust the loss and respond. *Id.* at 6. ALP seeks a declaratory judgment that Starr has an obligation to comply with the 30-day and 60-day statutory timelines under La. R.S. 22:1892 and La R.S. 22:1973, respectively. *Id.* at 7. ALP also asserts claims for breach of contract, breach of duty of good faith and fair dealing, and damages. *Id.* at 7-9.[1]

Starr answered and expressly pleaded as Affirmative Defenses the Policy's Property Coverage Form, General Conditions, Paragraph 12 "Conditions," inclusive of any and all subsections, as well as the forum-selection and choice-of-law clauses of the Policy. ECF No. 9. Starr now moves to transfer the suit to the United States District Court for the Southern District of New York under 28 U.S.C. § 1404(a) and

---

[1] In compliance with the Court's Jurisdictional Briefing Order, ALP amended its Complaint ("Amended Complaint") (ECF No. 38) to properly allege the citizenship of each of its members.

the "Choice of Law and Choice of Venue" provision in the Policy. ECF No. 17-1 at 16. Provision (e) of the Policy states:

> e. Choice of Law and Choice of Venue:
>
> No suit, action, or proceeding regarding this POLICY for the recovery of any claim shall be sustainable in any court of law or equity unless the Insured shall have fully complied with all the requirements of this POLICY. The COMPANY agrees that any suit, action, or proceeding against it for recovery of any claim under this POLICY shall not be barred if commenced within the time prescribed in the statutes of the State of New York. Any suit, action, or proceeding against the COMPANY must be brought solely and exclusively in a New York state court or a federal district court sitting within the State of New York. The laws of the State of New York shall solely and exclusively be used and applied in any such suit, action, or proceeding, without regard to choice of law or conflict of law principles.

*Id.* at 10; ECF No. 17-4 at 25. The provision selects New York courts, including a federal district court sitting within New York, as the sole and exclusive forum for any litigation arising under the Policy. It also requires that New York law be applied to any such dispute. *Id.*

ALP opposes, arguing that Starr has admitted that this Court is the appropriate venue for this case and that, under the law, Starr is precluded from arguing otherwise. ECF No. 21. ALP also contends that the Policy has a Service of Process Clause Endorsement (the "Endorsement") that allows ALP to file suit in a court of competent jurisdiction which would include the Western District of Louisiana. *Id.* at 4-5. ALP asserts the Endorsement does not specify New York, thus superseding any choice of venue clause relied upon by Starr.[2]  *Id.*

---

[2] The clause states that Starr "will submit to the jurisdiction of a court of competent jurisdiction within the United States" but also provides that "[n]othing in this condition constitutes or should be understood to constitute a waiver of the Insurer's right . . . to seek

3

## II. Law and Analysis

### A. Louisiana's strong public policy against forum selection clauses in insurance contracts does not apply to Starr's surplus lines policy; transfer is thus appropriate under 28 U.S.C. § 1404(a).

Starr relies on the United States Supreme Court's instruction in *Atlantic Marine* that "when a party bound by a forum-selection clause flouts its contractual obligation and files suit in a different forum, a § 1404(a) transfer of venue will not carry with it the original venue's choice-of-law rules – a factor that in some circumstances may affect public-interest considerations." *Atlantic Marine Constr. Co., Inc. v. U.S. Dist. Court for the West. Dist. Of Tex.*, 571 U.S. 49, 63-66 (2013); ECF No. 17-1 at 11.

Starr also relies on *In re Mt. Hawley Ins. Co.*, 2022 WL 5360188 (5th Cir. Apr. 28, 2022), wherein the United States Court of Appeals for the Fifth Circuit ruled that

---

transfer of a case to another court as permitted by the laws of the United States or of any state in the United States." ECF Nos. 21 at 5; 21-1 at 80. The Court does not reach that argument here but observes this Court has already observed that other district courts have indicated similar clauses override a mandatory forum selection clause even in the presence of this reservation language. *See Chennault Int'l Airport Auth. v. Starr Surplus Lines Ins. Co.*, 2023 WL 2637450, at *1 n.1 (W.D. La. Mar. 24, 2023) (citing cases); *see also City of Westlake v. Republic Fire & Cas. Ins. Co.*, 2023 WL 2656595, at *3 (W.D. La. Mar. 27, 2023).

Here, the Endorsement gives ALP the right to involve the jurisdiction of a court of competent jurisdiction within the United States when the Insurer – here, Starr – fails to pay any amount claimed to be due under the Policy. ECF No. 21-1 at 80. However, this Endorsement does not waive Starr's right "to seek transfer of a case to another court as permitted by the laws of the United States or of any state in the United States." *Id.*

This Court denied transfer in factually similar cases in *Chennault Int.'l Airport Autho.* and *City of Westlake*. However, those cases were distinguishable in that both cases involved public contracts in which the Court found a strong public policy under La. R.S. 9:2778 against forum-selection clauses in public contracts prohibited transfer. This action relates only to private actors. *See Chennault Int'l Airport Auth.*, 2023 WL 2637450, at *4; *see also City of Westlake*, 2023 WL 2656595, at *6-7.

an insurance policy's forum selection clause is enforceable and requires transfer to the contractually chosen forum. *Mt. Hawley* involved a similar commercial insurance claim by a Louisiana insured alleging breach of contract and bad faith under La. R.S. 22:1892 and 22:1973 for property damage caused by Hurricanes Laura and Delta. The Fifth Circuit ordered the *Mt. Hawley* suit to the Southern District of New York based on the insurance policy's forum selection clause. *See In re Mt. Hawley Ins. Co.*, 2022 WL 5360188, at *1.

Starr notes that this Court has followed *In re Mt. Hawley Ins. Co.* and transferred an insurance claim case to the Southern District of New York where the surplus lines policy contained a similar forum-selection provision. ECF No. 17-1 at 10 (citing *UMMIID, LLC v. Mt. Hawley Ins. Co.*, 2023 WL 2733494, at *3 (W.D. La. Jan. 18, 2023). And they note that this Court has held that "the public policy against forum-selection clauses in insurance contracts does not apply to surplus insurance policies." *Id.* (citing *Spartan Directional, L.L.C. v. Mt. Hawley Ins. Co.*, 2023 WL 2733494, at *2 (W.D. La. Jan. 18, 2023), *report and recommendation adopted*, 2023 WL 2728502 (W.D. La. Mar. 29, 2023)).

Starr notes that Louisiana federal district courts have obeyed *Atlantic Marine*'s directive that transfer of a case according to the contractual forum-selection provision with a choice-of-law clause does not carry Louisiana's choice-of-law rules to the contractually selected forum. *Id.* at 15 (citing cases). Starr further contends that the forum-selection clause is presumptively valid and enforceable. *Id.* at 16. Starr asserts that enforcement does not contravene public policy. *Id.* at 18.

5

A forum selection clause may be properly enforced through a motion for transfer of venue under 28 U.S.C. § 1404(a). *Weber v. PACT XPP Technologies AG*, 811 F.3d 758, 766 (5th Cir. 2016) (citing *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for Western Dist. of Tex.*, 134 S.Ct. 568 (2013)). Under § 1404(a), a district court may transfer a civil action to any other district or division where it may have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." The Fifth Circuit has held that a motion to transfer an action under § 1404(a) is "committed to the sound discretion" of the transferring court. *See Jarvis Christian College v. Exxon Corp.*, 845 F.2d 523, 528 (5th Cir. 1988).

When there is a valid forum selection clause, § 1404(a) requires that the clause "be given controlling weight in all but the most exceptional cases." *Atlantic Marine*, 134 S.Ct. at 579. Plaintiff may prevail by showing that the clause is unenforceable because it violates a "strong" or "fundamental" public policy of the forum state. *Barnett v. DynCorp Int'l. L.L.C.*, 831 F.3d 296, 303 (5th Cir. 2016). If the clause is enforceable, plaintiff bears the burden of showing that it should not be enforced because transfer to the bargained-for forum is unwarranted based on public interest considerations. *See Atlantic Marine*, 134 S.Ct. at 581.

Federal law governs the enforceability of forum selection clauses. *Alliance Health Group, LLC v. Bridging Health Options, LLC*, 553 F.3d 397, 399 (5th Cir. 2008). Such clauses are considered *prima facie* valid and enforceable unless they are shown to be unreasonable. *In re Spillman Dev. Grp., Ltd.*, 710 F.3d 299, 306 (5th Cir. 2013). The Fifth Circuit considers several grounds for "fundamental unfairness,"

including whether "enforcement of the forum selection clause would contravene a strong public policy of the forum state." *Haynsworth v. The Corporation*, 121 F.3d 956, 965 (5th Cir. 1997). Likewise, the Supreme Court has held that the forum state's rejection of forum selection clauses should be considered by a district court in balancing factors under 28 U.S.C. § 1404(a). *Barnett v. DynCorp, Internat'l, LLC*, 831 F.3d 296, 302–03 (5th Cir. 2016) (citing *Stewart Org., Inc. v. RICOH Corp.*, 487 U.S. 22, 30–31 (1988)).

Louisiana has a strong public policy against forum-selection clauses in insurance contracts. *See* La. R.S. 22:868(A). However, La. R.S. 22:868(D) provides that "[t]he provisions of Subsection A of this Section shall not prohibit a forum or venue selection clause in a policy form that is not subject to approval by the Department of Insurance."

Here, Starr is a surplus lines insurance carrier, and the Policy is a surplus lines insurance policy. ECF Nos. 17-1, 17-4. Louisiana law exempts surplus lines insurers from statutory approval requirements. *See* La. R.S. 22:446 ("The commissioner [of insurance] shall not require surplus lines insurers to file or seek approval of their forms . . . ."). "While Louisiana has a strong public policy against forum-selection clauses in insurance contracts, which is sufficient to preclude dismissal and transfer of venue; it is also true that this specific public policy does not extend to surplus lines policies." *Ummiid, LLC v. Mt Hawley Ins. Co.*, 2023 WL 122984, at *1 (W.D. La. Jan. 6, 2023) (granting transfer to Southern District of New York and holding that La. R.S. 22:868(A) did not apply to surplus lines policies).

7

Thus, the public policy against forum selection clauses does not apply to the Policy – a surplus lines policy. *See Spartan Directional, L.L.C.*, 2023 WL 2733494, at *2 (W.D. La. Jan. 18, 2023).

Once a mandatory forum selection clause is deemed enforceable, the next step is to determine whether it should, in fact, be enforced. This involves a modified analysis of "public interest" factors under the *forum non conveniens* standard (codified at 28 U.S.C. § 1404(a) for forum selection clauses that point to a federal forum) as set forth by the Supreme Court in *Atlantic Marine*, 134 S.Ct. at 582. The following public-interest factors can weigh against transfer:

> (1) administrative difficulties flowing from court congestion; (2) local interest in having localized controversies decided at home; (3) the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; (4) the avoidance of unnecessary problems in conflict of laws; and (5) the unfairness of burdening citizens in an unrelated forum with jury duty.

*Al Copeland Investments*, 884 F.3d at 545.

The party acting in violation of the forum selection clause bears "the burden of showing that public-interest factors overwhelmingly disfavor a transfer." *Atlantic Marine*, 134 S.Ct. at 583. Considering the parties' agreement as to the proper forum, the opponent's choice of forum and the private interest factors merit no weight. *Id.* at 581–82; *Al Copeland Investments*, 884 F.3d at 545. The public interest factors alone will rarely defeat a transfer motion, and the practical result is that forum selection clauses control in all but the most unusual cases. *Atlantic Marine*, 134 S.Ct. at 582. Here, however, ALP does not establish the public interest factors disfavoring a transfer.

8

Thus, the forum-selection clause of the Policy should be enforced and transfer is warranted under 28 U.S.C. § 1404(a).

### III. Conclusion

Because the Starr policy is a surplus lines policy and transfer cannot be prevented on public policy grounds under La. R.S. 22:868(A);

IT IS RECOMMENDED that Starr's Motion to Transfer (ECFR No. 17) should be GRANTED.

IT IS FURTHER RECOMMENDED that this matter be TRANSFERRED to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1404(a).

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P.

6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this __8th__ day of September 2023.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE